IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS JOSEPH GRANT, G-60747, | ) | |
| Petitioner, | ) | No. C 11-3346 CRB (PR) |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| M. BITER, Acting Warden, | ) | (Docket # 3) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner incarcerated at Kern Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner pleaded guilty to a variety of charges related to two separate bank robberies and admitted various priors and enhancement allegations. On or about March 27, 2009, he was sentenced to 40 years to life in state prison.

Petitioner did not appeal, but unsuccessfully sought habeas relief from the state courts. On February 23, 2011, the Supreme Court of California denied his final petition for state habeas relief.

**DISCUSSION**

A.      Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

        It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.      Claims

        Petitioner seeks federal habeas corpus relief under § 2254 on the ground that the state courts lacked jurisdiction over the bank robbery offenses.  Among other things, petitioner claims that the federal bank robbery act preempts the California bank robbery statute and that robbery of federally insured banks is the exclusive province of the federal courts.

        A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same).  The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.  But the Supreme Court has recognized a notable exception to this general bar – a defendant who pleads guilty still may challenge in habeas corpus proceedings the very power of the state to bring him into court to answer the

2

1    charge brought against him.  See Haring, 462 U.S. at 320.  Liberally construed,

2    petitioner's claims appear to fall within this notable exception and merit an

3    answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir.

4    2001) (federal courts must construe pro se petitions for writs of habeas corpus

5    liberally).

6                                    **CONCLUSION**

7           For the foregoing reasons and for good cause shown,

8           1.     Petitioner's request to proceed in forma pauperis (docket # 3) is

9    GRANTED.

10          2.     The clerk shall serve a copy of this order and the petition and all

11   attachments thereto on respondent and respondent's attorney, the Attorney

12   General of the State of California.  The clerk also shall serve a copy of this order

13   on petitioner.

14          3.     Respondent shall file with the court and serve on petitioner, within

15   60 days of the issuance of this order, an answer conforming in all respects to Rule

16   5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

17   habeas corpus should not be granted.  Respondent shall file with the answer and

18   serve on petitioner a copy of all portions of the state trial record that have been

19   transcribed previously and that are relevant to a determination of the issues

20   presented by the petition.

21          If petitioner wishes to respond to the answer, he shall do so by filing a

22   traverse with the court and serving it on respondent within 30 days of his receipt

23   of the answer.

24          4.     Respondent may file a motion to dismiss on procedural grounds in

25   lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

26   Rules Governing Section 2254 Cases.  If respondent files such a motion,

27

28                                          3

1   petitioner shall file with the court and serve on respondent an opposition or

2   statement of non-opposition within 30 days of receipt of the motion, and

3   respondent shall file with the court and serve on petitioner a reply within 15 days

4   of receipt of any opposition.

5        5.      Petitioner is reminded that all communications with the court must

6   be served on respondent by mailing a true copy of the document to respondent's

7   counsel.  Petitioner must also keep the court and all parties informed of any

8   change of address.

9   SO ORDERED.

10  DATED:  Nov. 3, 2011        _____

11                             CHARLES R. BREYER
                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  G:\PRO-SE\CRB\HC.11\Grant, C1.osc.wpd

28                                 4